

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50448 | DATE | 3/13/2003 |
| CASE TITLE | U.S.A. vs. RONNE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Ronne's § 2255 motion is denied. This case is dismissed in its entirety

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | MAR 13 2003 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 3-13-03 date mailed notice | |
| /SEC | courtroom deputy's initials | 03 MAR 13 AM 10:47 FILED-WD Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Richard D. Ronne, a federal prisoner convicted by a jury in this court on various counts of interstate transportation of securities obtained by fraud, wire fraud, and mail fraud, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, Ronne alleges a host of ineffective assistance of counsel claims based on the performance of his trial counsel. On February 26, 2003, this court held an evidentiary hearing on Ronne's motion, during which Ronne and his trial attorney, John Gaffney, both testified. (To be candid, though, the issue of whether to have a hearing in the first place was a close one indeed. This is because, as discussed below in more detail, many of Ronne's claims are without merit and easily could have been dismissed based on the written submissions alone. Nevertheless, the court believed Ronne just barely had alleged enough facts to warrant a hearing on a few of his claims.)

Like many criminal defendants, Ronne has tried to "demonize" his lawyer by blaming his conviction on the bumbling of his attorney rather than the strength of the evidence against him. See United States v. Farr, 297 F.3d 651, 657 (7th Cir. 2002). To prevail on his ineffective assistance of counsel claims under the framework set forth in Strickland v. Washington, 466 U.S. 668 (1984), Ronne must show (1) his attorney's performance was deficient –i.e., "it fell below an objective standard of reasonableness and outside the wide range of professionally competent assistance" –and (2) "but for his counsel's unprofessional errors, there is a reasonable probability that the result in his case would have been different." Reeves v. United States, 255 F.3d 389, 393 (7th Cir.) (citing Strickland, 466 U.S. at 687, 694), cert. denied, 534 U.S. 1067 (2001). Under the performance prong, the court's scrutiny of counsel's performance is highly deferential and there is a strong presumption that counsel performed effectively. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). The court need not consider the first prong, however, if it finds that counsel's alleged deficiency did not prejudice Ronne. See id.

At the outset, many of Ronne's claims can be disposed of with dispatch as there is simply little, if any, evidence to support them. For example, Ronne believes Gaffney should have hired a private investigator to locate a witness by the name of Bobby Lambardo. It is undisputed, however, that Lambardo simply disappeared before trial and even the government's efforts to locate him were unsuccessful. Gaffney certainly was not deficient in hiring someone to track down a witness who had escaped detection by the government. Also without merit is Ronne's claim that Gaffney should have obtained the assistance of a more experienced criminal defense attorney in his firm, as Ronne says Gaffney promised he would do when he first retained Gaffney. Regardless of whether Gaffney made any such promise – and the court believes Gaffney when he testified he did not – there is absolutely no evidence Ronne suffered any prejudice from not having a more experienced criminal defense attorney to assist Gaffney. Ronne also complains Gaffney did not spend enough time with him and felt underprepared for his cross-examination. Once again, though, Ronne offers no explanation, let alone evidence, as to how the outcome of the trial would have been any different had Gaffney spent more time with him before trial. The court similarly rejects Ronne's claim that Gaffney was ineffective for not objecting to the amount of loss calculations in the presentence report. As Ronne testified at the hearing, this theory is based entirely on his related claim that Gaffney was ineffective for not calling certain witnesses. To the extent this latter claim relies on Lambardo, it is clearly frivolous as explained above because Lambardo could not be found; to the extent it relies on other witnesses Ronne identified at the hearing, the court dismisses that claim for the reasons discussed below.

Another claim without merit is Ronne's allegation that Gaffney failed to obtain bank records of wire transfers to back up his theory at trial that he invested the money from his investors as promised. As the record makes clear, these bank records either did not exist because Ronne invested most of the money in cash without getting receipts in return, were inadmissible because they dealt with investments that predated the conduct charged in the indictment, or had already been admitted into evidence. The same is also true of Ronne's claim that Gaffney did not offer other documentary evidence at trial, such as Ronne's own books and financial records, the bankruptcy records of Sam Cardwell and Henry Jones, promissory notes and other records of transactions between Ronne, Cardwell, and Jones, a document signed by Mark Filipow, letters between Ronne and another attorney of his by the name of C. Kraujalis, and a flow chart Gaffney was supposed to prepare to demonstrate that Ronne invested "every dime" of the investors' funds as promised. In short, the first five pieces of evidence just mentioned were again either already admitted at trial, inadmissible hearsay, or irrelevant. As for a "flow chart," the court credits Gaffney's testimony that the documents and other records available to him simply did not support the type of flow chart Ronne wanted. Gaffney clearly was not deficient for refusing to introduce this type of evidence (or non-existent evidence) at trial.

Perhaps Ronne's most serious allegation (and really the only reason the court was inclined to hold an evidentiary hearing) is that Gaffney failed to investigate, interview, and call certain witnesses. These included Ronne's son and daughter, Dawn Becks and Richard D. Ronne, Jr., Sam Cardwell, Henry Jones, Mark Filipow, and a number of other witnesses Ronne identified at the hearing from a list of witnesses he gave to Gaffney at some point (Gov. Exh. 113). Initially, the court believes Gaffney when he testified that he repeatedly had to ask Ronne to provide him with a witness list in the first place. More importantly, the court credits Gaffney's testimony that he did in fact contact the witnesses on Ronne's list but discovered after speaking with them that many of them could only provide information about deals and projects that were irrelevant because they were not charged in the indictment or would provide testimony damaging to Ronne's defense. As for Henry Jones, Ronne admitted he could not be found for purposes of testifying at trial and, in any event, Ronne had very few dealings with him. Ronne does not at all suggest how Filipow's testimony would have contributed to Ronne's defense, so the court will disregard him.

That leaves Caldwell and Ronne's son and daughter, who really form the heart of Ronne's failure-to-call-witnesses claim. With respect to Caldwell, Gaffney testified a strategic decision was made not to call him as a witness. First, Gaffney testified he had reason to believe, based on Caldwell's grand jury testimony and Gaffney's own discussions with him, that, if called to testify, Caldwell would have given testimony adverse to Ronne. Rather, Gaffney suggested Ronne pursue an "empty chair defense" – i.e., put the blame on Caldwell who could not defend himself if he was not there to testify on his own behalf. The court further believes Gaffney when he says he explained all of this to Ronne and left the ultimate decision of whether to call Caldwell up to Ronne, who agreed to follow Gaffney's advice. A similar strategic decision guided Gaffney's advice not to call Ronne's son and daughter. Gaffney testified he believed – and reasonably so in the court's opinion – the substance of their testimony would have been barred based on the court's earlier ruling on a motion in limine filed by the government. Again, though, Gaffney left the final decision up to Ronne, who again followed Gaffney's advice. Based on Gaffney's testimony at the hearing, therefore, the court finds Gaffney's failure to call Caldwell, Dawn Becks, and Richard Ronne, Jr., were not only reasonable strategic decisions, but ones with which Ronne himself concurred. See, e.g., Menzer v. United States, 200 F.3d 1000, 1003-04 (7th Cir. 1999).

For the reasons stated above, Ronne's § 2255 motion is denied. This case is dismissed in its entirety.

# United States District Court
## Northern District of Illinois
### Western Division

United States of America      **JUDGMENT IN A CIVIL CASE**

v.      Case Number: 02 C 50448

Richard D. Ronne

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Ronne's § 2255 motion is denied. This case is dismissed in its entirety.

FILED-WD
03 MAR 13 AM 10:47
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 3/13/2003

Susan M. Wessman, Deputy Clerk